(9 App. Div. 542.)

## BRYER v. FOERSTER.

(Supreme Court, Appellate Division, First Department. November 6, 1896.)

DAMAGES—WHEN NOT EXCESSIVE.

A verdict for $6,000 for injuries to a workman who was permanently disabled thereby is not excessive.

Appeal from trial term, New York county.

Action by Peter Bryer against Catherine Foerster, as administratrix of Joseph Foerster, deceased, for personal injuries. A judgment was entered on a verdict in favor of plaintiff, and defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

George W. Wingate, for appellant.

Sumner B. Stiles, for respondent.

INGRAHAM, J. The plaintiff was working as a helper to one Frederick Selser, who was a roofer, engaged in roofing a building in the city of Brooklyn; and, while at work upon a scaffold outside of the building, the scaffold broke, and the plaintiff was injured. There was no dispute but that the scaffold was improperly constructed, and that the cause of its breaking was the use of a joist in which there was a large knot. There was evidence to justify the finding of the jury that this scaffold was erected by some agent of the defendant's intestate, who was the plaintiff's employer, and that neither the plaintiff nor Selser had anything to do with its construction. Evidence was introduced by the defendant which tended to show that the plaintiff and Selser constructed the scaffold, and selected the joists, although the defendant's intestate had supplied proper material for the erection of the scaffold; but the fact that the scaffold was erected by plaintiff or Selser was denied, and there was evidence that required the submission of that question to the jury. It seemed that Oscar Foerster, the son of the defendant's intestate, was in charge of the work, hired the men, and had general charge of the construction of scaffolds upon the building; and there was evidence tending to show that he constructed the scaffold in question. Oscar Foerster testified that he was foreman of this job, and had Selser and the plaintiff, with other men, under him. He testified that he told Selser and the plaintiff that, if any scaffold was to be built, no lumber was to be used but his own, and no scaffold was to be built unless he (Oscar Foerster) was present; that it was improper to use such a joist to build such a scaffold; and that the joist that was used was not part of his lumber. The witness further testified that he did not give direction for the building of this scaffold at all, and did not build it himself. The plaintiff's story was corroborated by another witness, who testified that he saw Oscar Foerster build the scaffold; and several witnesses of the defendant testified expressly that plaintiff and Selser built it.

We have carefully examined the testimony, but do not think that it was so clearly proved that plaintiff built this scaffold, or had anything to do with its construction, as to justify us in reversing the judgment, on the ground that it is against the weight of evidence. While the testimony of the plaintiff is rendered doubtful by his mental condition, and while Selser's testimony is somewhat impeached in consequence of contradictory statements made by him, prior to the trial, both oral and in writing, we do not think that

we would be justified in saying that the finding of the jury that the scaffold was not built by plaintiff or Selser, but was furnished by the defendant or his agent, was so clearly against the weight of evidence as to justify us in reversing the finding of the jury. The question was fairly submitted to the jury, the learned judge instructing them that if they believed that the scaffold was constructed by the son of the defendant, either alone or with the defendant or some other person, and that the scaffold fell because of this defect in one of the joists, then the defendant must be regarded as responsible for the falling of the scaffold, but, if "there was negligence on the part of his son in constructing it, that negligence the law imputes to the defendant himself. If, on the other hand, the account given by the defendant's witnesses is true, and the jury should find that this scaffold was erected by Selser, and by the plaintiff, on the morning of the day when the accident happened, then, of course, the defendant cannot be regarded as responsible for the falling of the scaffold, and that would be an end of the plaintiff's case." Under these instructions, the jury must have believed that the scaffold was constructed by the defendant's son, who was his foreman, and in charge of the work. In that case the jury would have been justified in finding that the defendant was negligent in the performance of the duty that he owed to the plaintiff. The question was submitted to the jury by the learned judge in a charge to which no objection or exception was taken, and we think the verdict was sustained by the evidence. There is evidence that Oscar Foerster was in charge of the work, as the representative of the defendant's intestate, and that, in erecting this scaffold for the use of the plaintiff and the defendant's intestate, he was acting as the representative of the defendant's intestate, and not as a fellow workman of the plaintiff; and his negligence in providing for the plaintiff a proper and safe place to work was the negligence of the defendant's intestate. There was no exception taken by the defendant to the admission or rejection of testimony to which our attention has been called, and, upon the whole case, we think that no error was committed upon the trial which calls for a reversal of the judgment.

We do not think that the damages were excessive. The amount of the verdict was $6,000. It seems to have been quite satisfactorily established that plaintiff was, in consequence of the result of this injury, permanently disabled. As to what effect the blow upon the plaintiff's head had in causing this injury it was a question for the jury, and it cannot be said of such an injury as plaintiff sustained that the amount of the verdict was excessive.

Upon the whole case, we do not feel justified in interfering with the verdict. The judgment appealed from must therefore be affirmed, with costs. All concur.