ber 6, 1896.) Action by Timothy Y. Brown against Joshua James and Asa Gibbons. William C. Kellogg, for appellant. John F. Brennan, for respondent.

PER CURIAM. This action is brought to recover against the appellant, Gibbons, as indorser of a promissory note. This case has been before us on a previous appeal. On the first trial of the action a verdict was directed in favor of the plaintiff. On appeal, this judgment was reversed, the court holding that the case should have been submitted to the jury. 2 App. Div. 105, 37 N. Y. Supp. 529. On the second trial, the cause was submitted to the jury, who found a verdict for the plaintiff. There is but little in this case to review. We cannot pass on the question of fact, because there is no certificate that the case contains all the evidence. To sustain his defense it was incumbent on the appellant to show that his indorsement was procured by fraud. The proof on this subject wholly rested upon his own testimony and that of his co-defendant, James. Being the testimony of parties in interest, and incapable of direct contradiction by the plaintiff, the question of fact raised by this evidence was properly submitted to the jury to pass upon. No motion was made to direct a verdict in favor of the plaintiff. No exception was taken to the charge of the court. It is not necessary for us to determine whether the facts proved constituted the plaintiff a holder for value, because, in response to the request of the defendant, the court charged that, if the appellant was induced to sign the note by false representation of James, then the plaintiff was not a bona fide holder, and could not recover. It is true that in previous portions of the charge the court had instructed the jury that the plaintiff could not recover in case the indorsement was obtained by fraud, unless he established that he was a holder for value; but no exception was taken to this submission to the jury of the question whether the plaintiff was a bona fide holder for value, and the direct instruction that he was not, made in answer to the defendant's request to charge, eliminated the question from the case. The record before us, therefore, presents no question of law calling for our determination. The judgment and order appealed from should be affirmed, with costs.

BROWN v. MAYOR, ETC., OF CITY OF NEW YORK. (Supreme Court, Appellate Division, First Department. November 20, 1896.) Action by Walston H. Brown against the mayor, etc., of the city of New York. No opinion. Motion granted, upon payment of $10 costs.

BRYER v. FOERSTER. (Supreme Court, Appellate Division, First Department. June, 1896.) Action by Peter Bryer against Catherine Foerster, administratrix. No opinion. Motion denied. See 41 N. Y. Supp. 617.

BRYER v. FOERSTER. (Supreme Court, Appellate Division, First Department. December 11, 1896.) Action by Peter Bryer against Catherine Foerster. No opinion. Motion denied, with $10 costs. See supra and 41 N. Y. Supp. 617.

BUEK et al., Respondents, v. METROPOLITAN EL. RY. CO. et al., Appellants. (Supreme Court, Appellate Division, First Department. November 6, 1896.) Action by Charles Buek and others against the Metropolitan Elevated Railway Company and others. B. Tolles, for appellants. W. G. Peckham, for respondents. No opinion. Judgment affirmed, with costs.

BUELL et al., Respondents v. SEARLE et al., Appellants (three cases). VAN CAMP v. SAME. (Supreme Court, Appellate Division, Fourth Department. October, 1896.) Three actions by George C. Buell and others against Edward P. Searle, late sheriff of Orleans county. The Orleans County National Bank, John Sawyer, and Keeler & Salisbury were made parties to the motion by the order herein, and are appellants. Also an action by Joseph Van Camp against Edward P. Searle and others.

PER CURIAM. It appearing that the order of the special term, held March 30, 1896, and subsequent orders, denying motion for a rehearing, were heard upon a remittitur, and a judgment entered thereon, which do not express the judgment of the court of appeals, the remittitur having been subsequently amended by that court in June, 1896 (44 N. E. 1129), it is deemed proper that the aforesaid orders should be vacated without costs to either party, and that the order in the case of Van Camp against Searle should be reversed, without prejudice to the moving party to apply to the supreme court to make the judgment of the court of appeals, as expressed in its amended remittitur, the judgment of the supreme court, and without prejudice to any application the Orleans County National Bank and John G. Sawyer may make for further relief. It is not necessary to determine whether the application for an order distributing the fund should be in the action in which Van Camp is plaintiff, or in the action in which Buell is plaintiff.

BUGBEE, Respondent, v. PRESIDENT, ETC., OF DELAWARE & H. CANAL CO., Appellants. (Supreme Court, Appellate Division, Third Department. September 29, 1896.) Action by Philemon B. Bugbee against the president, managers, and company of the Delaware & Hudson Canal Company. No opinion. Judgment and order affirmed, with costs. All concur.

BUHANNAN, Appellant, v. SOWLE et al., Respondents. (Supreme Court, Appellate Division, Third Department. September 29, 1896.) Action by Charles L. Buhannan against Alexander Sowle, John Cochrane, and Sarah E. Sowle. No opinion. Order affirmed, with $10 costs and disbursements. All concur.

BULKLEY et al., Respondents, v. Little, Appellant. (Supreme Court, Appellate Division, Second Department. October 13, 1896.) Action by Jonathan Bulkley and others against Joseph J. Little, as receiver of the Worthington Company. No opinion. Judgment affirmed, with costs. All concur.